GUINN v. THE PHŒNIX INSURANCE COMPANY.

1.  **Evidence**: CONVERSATION: IMPROPER SUBMISSION TO JURY. Where a witness related a conversation between himself and plaintiff's agent, which was admissible in evidence only in case the witness had related it to defendant, and upon that point he testified that he thought he never had, but that it was barely possible that he had, *held* that it was error for the court to direct the jury that they should consider the conversation only in case they found witness had related it to defendant. It should have been taken from the jury absolutely.

2.  **Appeal**: ABSTRACT: CLAIM AS TO EVIDENCE. Where appellant's abstract states that it is "a complete and correct abstract of the pleadings, evidence and records in the cause," this is a sufficient

claim that it contains all the evidence, and it will be so considered in the absence of an abstract by appellee showing additional evidence. (See *Miller v. Wolf*, 63 Iowa, 233.)

3. **Fire Insurance:** VALUE OF BUILDING: EXCESSIVE VERDICT. Where the destroyed building had been erected fifteen years, and the testimony was that a new one like it could be constructed for seven hundred and thirty-four dollars, or, at most, seven hundred and eighty dollars, and that the old one had depreciated in value from twenty-five to fifty per cent., *held* that a verdict for seven hundred dollars in an action upon a policy of insurance on the building was excessive.

4. ———: PROOFS OF LOSS : EVIDENCE OF : WAIVER. Where plaintiff, in an action on an insurance policy, claimed that there was a waiver of proofs of loss, and the evidence showed an absolute waiver, if any, it was error to admit evidence of proofs of loss made after the time limited for making such proofs.

*Appeal from Appanoose District Court.*—HON. H. C. TRAVERSE, Judge.

FILED, MAY 29, 1890.

ACTION on a policy of fire insurance. From a judgment for plaintiff the defendant appeals.

*C. J. Deacon*, for appellant.

*T. M. Fee*, for appellee.

GRANGER, J.—I. The proofs of loss required by the statute were not made within the time provided, and the effect of such a failure is sought to be avoided, on the part of plaintiff, by a plea of waiver, based on the acts and conduct of one Williams, who was the defendant company's adjuster, and who was upon the ground, making investigations as to the extent of the loss, and who, to that end, had some conversation with the plaintiff, and, jointly with one Schultz (selected by the plaintiff), made at least a partial estimate of the cost of constructing another building. One D. M. Wolf was the local agent for the company and received and forwarded the application on which the policy in question

1. EVIDENCE: conversation: improper submission to jury.

issued from the company's office at Chicago. The district court properly instructed the jury that Wolf had no authority to waive the proofs of .loss. At the time of the estimate by Williams and Schultz, both Wolf and the plaintiff were present; and, either before, or at the close of, the estimate, because of a claim by Williams that the depreciation in value of the building by lapse of time since construction would reduce the loss below the eight hundred dollars mentioned in the policy, some unpleasant words occurred, and Williams left the house and went to the depot; and while at the depot, and in the absence of plaintiff, he had a conversation with Wolf as to a compromise of the claim, which was admitted in evidence, through Wolf as a witness, which is made the basis of an assignment. The following is the record as to this assignment:

"*Q*. What was said by Mr. Williams to you about ascertaining the amount that Mr. Guinn would take, or would settle for, and write him, or that he would write you? (Objected to by defendant as incompetent, immaterial and irrelevant. Plaintiff's counsel states to the court that he proposes to show that what was said was communicated to plaintiff by the witness; and objection overruled, and defendant excepts.) *A*. Well, Mr. Williams, when he was ready to leave Dean, stated to me—we got to talking about Isaac Guinn, that's the man I referred him to—it might possibly be we could compromise the matter. Then he gave me his address where to write him, and what I had done in case of a compromise; and when I saw Mr. Isaac Guinn he was just like the rest of the folks,—have it all or nothing. I believe that's what I wrote Mr. Williams. I don't remember that I communicated to Mr. Hardin Guinn what Mr. Williams said to me. I couldn't say. I might possible have told him of it.

"By the court: I wish you would tell me your best recollection about it, Mr. Wolf, because I want to rule on it,—whether you did or didn't tell plaintiff about it. *A*. I don't think I told the old gentleman. I might possibly have spoken to Joseph Guinn about it.

I aint positive.  I can't say.  I might possibly have told the old gentleman.  I had other conversations with him in regard to this loss after Mr. Williams left.

"By the court:  I think I had better say to the jury that the conversation between this witness and Mr. Williams, that he has detailed, about the possibility of a compromise, was not spoken in the presence or hearing of the plaintiff, and it is not yet shown that it was ever communicated to the plaintiff.  I think it ought to go out, because it would not, so far as we now know, have influenced plaintiff at all about his action in delaying to give notice and proofs of loss.  Unless the jury find that this conversation, or the substance of it, was communicated to the plaintiff, they wont consider this witness' evidence about the talk between him and Williams about the possible compromise."

The complaint as to the ruling is that it finally leaves it to the jury to find if Wolf ever stated the fact as to Williams' statements to the plaintiff.  The court was of the opinion that the fact was not shown, and its conclusion was certainly correct.  Wolf does not leave the chances of his having told plaintiff within the range of a probability, even.  He merely gives it the chances of a possibility.  Such testimony could not be the basis for the finding of a fact in a legal proceeding. By the submission of the question, the jury might understand that there was testimony from which it could find either way.  It will be seen from the record that the parties understood the testimony to be inadmissible except upon such a showing ; and the court, at the conclusion of the showing, should have followed its own judgment as to the facts, and excluded it.  It is not claimed to us that, if error, it is not prejudicial.

II.  The verdict of the jury was for seven hundred dollars, and it is urged that it is excessive, and is so shown by undisputed facts in the record.

**2. Appeal: abstract: claim as to evidence** This conclusion cannot well be avoided. This point is argued by appellant under a claim that the verdict of the jury cannot be sustained under the evidence.  Appellee's only notice of

the point is that it "cannot be considered by this court, because there is no certificate of the judge, short-hand reporter or any one else that the abstract of the defendant contains all the evidence." Appellee presents no abstract. Appellant's abstract states that "the foregoing is a complete and correct abstract of the pleadings, evidence and records in the cause." It is not necessary that the abstract should state that it contains all the evidence, but it must show that it contains an *abstract* of all the evidence. If appellee's point is that the word "all" is omitted, then we do not determine the technical correctness of the statement, but we think it is apparent that appellant, claims that he has presented an abstract of all the evidence, and we will so presume, in the absence of an abstract by appellee, showing additional evidence. See *Miller v. Wolf*, 63 Iowa, 233.

The building insured had been built for about fifteen years. The estimate made by Williams and Schultz as to the cost of constructing a new one like it was seven hundred and eighty dollars, with the items of paint and drayage omitted. The building had never been painted except when new, and must have needed repainting. The drayage could not have exceeded a few dollars. It is estimated at two dollars, but, if much more is allowed, the estimate could not be much increased. Another estimate, made by disinterested parties, which seems very fair, put the cost at seven hundred and thirty-four dollars. Now, conceding that the building could be replaced new for eight hundred dollars, and for a depreciation, because of its standing fifteen years, there is but a deduction of one hundred dollars. Such a result has no substantial support in the testimony. The estimated depreciation by the wit-nesses ranges from twenty-five to fifty per cent., and a correct estimate would likely be somewhere between. The extreme view does not support this verdict. The plaintiff is not entitled to the value of a new building,

3. FIRE insur-
ance: value of
building: ex-
cessive ver-
dict.

but to the value of an old one. The judgment is for more, and materially so.

III. There is complaint as to the admission in evidence of "proofs of loss" made after the expiration of the sixty days. The court told the jury that the proofs were not made in time, and instructed that there could be no recovery unless the company, through its adjuster, waived such proofs, or by his acts justified the plaintiff in the belief that they were waived, either entirely, or to a time beyond the sixty days. We suppose they were admitted in view of the latter contingency; that is, beyond the sixty days. Our examination of the record shows no testimony to sustain such a view. If there was a waiver, it must have been an entire one. We call attention to this, that the point may be guarded if another trial takes place. We find it unnecessary to discuss other questions, and for the errors noticed the judgment is

4. ——: proofs of loss: evidence of: waiver.

REVERSED.